[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE DEFENDANT'S MOTION TO STRIKE (#102)
On June 26, 1997, the plaintiffs, James J. Nardella, Jr., James Nardella, Sr., Patricia Nardella, and Jami L. Nardella, filed a twelve count complaint against Todd Vachon, Richard CT Page 568 Murzin, and Steven L. Fields. The plaintiffs allege the following facts in their complaint.
On August 24, 1994, at Murzin's residence, Vachon, with the help of Murzin, secretly tape recorded a telephone conversation between Vachon and James Nardella, Jr., a plaintiff in this action. Nardella had no knowledge that this conversation was being recorded.
The plaintiffs allege that Vachon and Murzin used equipment provided to them for the purpose of recording the telephone conversation by the defendant Steven L. Fields. Vachon and Murzin then gave the tape recording to Fields who played the tape for a third party. Fields allegedly knew the recording was illegally made.
All of the plaintiffs share a residence in Colchester and all use the telephone Nardella used when he spoke with Vachon. As a result of the conduct alleged in the complaint, the plaintiffs allege that the defendants violated General Statutes §52-570d[1] when they "maliciously or with reckless disregard" violated "the rights of the plaintiffs." As a result of the defendants conduct, the plaintiffs allegedly suffered severe emotional distress.
On August 7, 1997, the defendant, Steven L. Fields, filed a motion to strike counts three, six, nine and twelve of the plaintiffs' complaint "on the ground that said counts fail to state a cause of action upon which relief can be granted against him pursuant to Conn. Gen. Stat. § 52-570d." Said statute, defendant Fields argues, only authorizes a cause of action against a person who records a private conversation. Because the plaintiffs do not specifically allege that Fields recorded their conversation, no statutory claim exists.
The plaintiffs' argue in opposition the following the plaintiffs have standing to assert a claim under the statute; and (2) the plaintiffs allege sufficient facts in their complaint to support a cause of action for conspiracy. The defendant does not rely on standing as a ground for the motion to strike; this court, therefore, will not address that portion of the plaintiffs' opposition.
As noted, the plaintiffs allege that Vachon and Murzin used equipment provided them by Fields for the purpose of recording CT Page 569 the conversation in question. Vachon and Murzin then gave the tape recording to Fields who played it for a third party. Fields allegedly knew the recording was illegally made. While the counts concerning Fields do not allege that he personally made the illegal recording, this court believes that they do allege enough to support a claim that he conspired with the other defendants to accomplish that goal.
"The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580,639 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied."Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 839 (1996).
Accordingly, the defendant Fields' motion to strike counts three, six, nine, and twelve of the plaintiffs' complaint is denied.
Martin, J.